1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOHN KELLER,

              Petitioner,

          v.

BAUGHMAN, Warden,

              Respondent.

Case No. CV 16-4605 RGK (MRW)

**ORDER DISMISSING SUCCESSIVE HABEAS ACTION**

       The Court summarily dismisses this action pursuant to the successive habeas petition rule in 28 U.S.C. § 2244.

\* \* \*

       This is a state habeas action.  Petitioner is currently serving a 15-year term in state prison following his no contest plea to an attempted robbery charge.

       This is his <u>third</u> habeas action in federal court challenging that conviction. In Petitioner's first action, he raised issues regarding ineffective assistance of counsel, his mental status at the time of his plea, and the sentence imposed upon him.  (<u>Keller v. Gibson</u>, No. CV 14-2331 RGK (MRW) (C.D. Cal.).)  In late 2014, the Court dismissed the first habeas action with prejudice for raising issues that

were <u>Tollett</u>-barred by his plea.  (<u>Keller</u>, No. 14-2331, Docket # 33.)  The United States Court of Appeals for the Ninth Circuit denied a certificate of appealability.  (<u>Keller v. Gibson</u>, No. 14-56835 (9th Cir.).)

Petitioner then filed another action in this Court raising similar challenges to his conviction.  (<u>Keller v. Davey</u>, No. CV 15-2838 RGK (MRW) (C.D. Cal.).)  The Court concluded that Petitioner's second action was successive and not filed with advance permission from the appellate court.  The Court summarily dismissed the action.

Petitioner commenced the present habeas action in this Court in June 2016.  This third action appears to present similar claims regarding the legality of Petitioner's guilty plea and conviction.  As before, the petition is not accompanied by a statement of permission from the Court of Appeals.

Magistrate Judge Wilner screened Petitioner's current petition.  (Docket # 5.)  As in the earlier action, the magistrate judge explained the successive-petition-authorization rule to Petitioner.  The magistrate judge directed Petitioner to submit a statement as to why the action should not be summarily dismissed.  Petitioner failed to file any such statement in response.

* * *

If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party.  28 U.S.C. § 2243; <u>see also</u> Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action.  A habeas

petition is second or successive – and subject to summary dismissal under 28 U.S.C. § 2244(b) – when the petition "raises claims that were or could have been adjudicated on the merits" in the first action. <u>McNabb v. Yates</u>, 576 F.3d 1028, 1029 (9th Cir. 2009). A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition <u>before</u> the new petition may be filed in district court. 28 U.S.C. § 2244(b)(3); <u>Burton v. Stewart</u>, 549 U.S. 147 (2007) (dismissing successive petition for failure to obtain authorization from court of appeals).

\* \* \*

The current action is successive. Petitioner previously challenged his conviction in this Court in 2014. His petition was denied; the appellate court declined to review that decision. Petitioner filed a second, successive action in 2015 without permission from the appellate court. That action was dismissed as required by the statute.

The present action – Petitioner's third – is also successive and filed without permission. The petition is subject to summary dismissal. 28 U.S.C. § 2244(b)(3). The action is therefore DISMISSED without prejudice.

IT IS SO ORDERED.


Dated: August 25, 2016

_____
HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE


Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

3